M. A. McCAULEY et al *v.* A. B. WILLIAMS et al.

(Decided May 24, 1898.)

*Action to Recover Land—Execution Sale—Void Judgment.*

1. Under a void judgment, the execution, sale and sheriff's deed are nullities and the purchaser obtains no title to the property sold.

2. The judgment of a clerk of a Superior Court, assumed to be rendered by him on a report of arbitrators appointed by the Court, in Term, against heirs to whom a decedent conveyed land prior to his death, for the amount of their respective shares of the widow's year's allowance, and making such sums liens upon the land, is void for want of jurisdiction.

CIVIL ACTION to recover land, tried before *Adams, J.*, and a jury at October Term, 1897, of ORANGE Superior Court. There was a verdict for the defendants and plaintiffs appealed.

*Messrs. J. W. Graham* and *S. M. Gattis* for plaintiffs.

*Messrs. Winston & Fuller* for defendants (appellants).

FURCHES, J.: This is an action of ejectment to recover possession of 72 acres of land, and damage for the wrongful detention thereof by defendants. The land originally belonged to Matthew McCauley, who died intestate in 1890, and the plaintiff M. A. McCauley ad-

ministered on his estate. The *feme* defendant is a daughter of the intestate Matthew, to .whom he made a deed conveying this land before he died. The personal assets of the intestate's estate were insufficient to pay the debts and costs of administration, and the administrator, M. A. McCauley, brought a special proceeding in the Superior Court of Orange County to sell lands for assets. After some other lands that had not been conveyed by the intestate were sold, and the case had been transferred to the Civil Issue Docket for trial, it was held that this land, and other lands conveyed by the intestate to his other children were liable for sale for assets. But a reference was ordered to ascertain what amount was still wanting for that purpose. This amount was thus ascertained and paid by the children and grantees of said intestate and no sale for assets was had. In the same order of reference to ascertain the amount still necessary to pay debts and costs of administration, the matter was submitted to said commissioner to inquire and report what amount should be paid to Nancy McCauley, widow of the intestate, as her yearly support, and in what proportion it should be paid by the children and grantees of the said Matthew. This was done, and they found that she ought to have $100 a year, and that the *feme* defendant's part of that sum was $19.74 per year.

This report was not made to the Superior Court in term, but to the clerk out of term, and he proceeded to enter up judgment against the defendant and the other children and grantees for the yearly allowance so reported against them, and to declare it a lien on their lands. Under this judgment of the clerk, an execution issued to the sheriff of Orange county under which he sold, and the plaintifis M. A. McCauley and

W. R. Lloyd became the purchasers of 72 acres of defendant's land at $1.00 per acre.  The plaintiff M. A. McCauley was the administrator that instituted the proceedings to sell the lands for assets.  He was also one of the commissioners appointed by the Court to assess the lands and report their value, and the amount they should pay the widow yearly.  And it appears that, in this report he assessed the defendant's land at $6 per acre; that he bought the same (having the line run to suit him) at $1 per acre; that defendant had offered to repay him the amount he had paid out for the land, and that he had refused this offer; that he claimed, and the jury had found, that the yearly rental value of said lands (that he had paid only $72 for) were worth $40, being more than 50 per cent. on the price he paid.  These matters were all commented on by counsel for defendants, but we will not comment upon them, as our judgment is put upon other grounds.

In another proceeding between the same parties, styled "McCauley *v.* McCauley," at this term, we have discussed the validity of this judgment, under which plaintiffs purchased and claim title to the land in controversy, and have held that it was utterly void for want of jurisdiction in the court; and, as the judgment was void, the execution issued thereon was void and the sale under which plaintiffs purchased was a nullity, and the deed of the sheriff to them is also void and conveyed no title to the plaintiffs.

As plaintiffs have shown no title to the land, they can recover neither possession nor damage.  There is error.

                                        Error.